**Marion Leon BEA, Plaintiff,**

v.

**John DOE, Doctor, et al., Defendants.**

**No. 1:05CV1096 (TSE/BRP),
1:05CV1237 (TSE/TRJ).**

United States District Court,
E.D. Virginia,
Alexandria Division.

Nov. 17, 2005.

Marion Bea, Waverly, VA, pro se.

*MEMORANDUM OPINION*

ELLIS, District Judge.

This is a case in which plaintiff, a frequent filer, seeks to avoid the three-strikes provision of 28 U.S.C. § 1915(g) by disguising a "strike" as a "ball." Because the disguise fails, plaintiff has indeed had three strikes in filing frivolous claims and like a baseball batter, he must be called "out" in his effort to proceed *in forma pauperis* in this case. Accordingly, to earn an "at-bat" in this case, he must first pay the requisite district court filing fee.

## I.

Plaintiff, Marion Leon Bea, has a lengthy history as a frequent filer.[1] On September 19, 2005, he filed his latest 42 U.S.C. § 1983 complaint seeking redress for several alleged violations of his constitutional rights.[2] In this complaint, plaintiff makes the following claims: (1) defendants denied him medical treatment, in violation of the Eighth Amendment prohibition against cruel and unusual punishment, (2) defendants unlawfully held him in administrative segregation, in violation of the facility policy, and (3) defendants failed to provide sanitary housing and shower conditions, also in violation of the Eighth Amendment. By Order dated September 26, 2005, plaintiff's request to proceed *in forma pauperis* in the present action was denied pursuant to the three-strikes provision of 28 U.S.C. § 1915(g), given that three of plaintiff's previously-filed actions were dismissed for failure to state a claim upon which relief could be granted.[3] In response, plaintiff filed a Motion for Rehearing for Request to Proceed *in forma pauperis* (which was construed as a Motion for Reconsideration) challenging the denial of his *in forma pauperis* request on the ground that all three of the prior civil actions cited to calculate the violation of the three-strikes provision were inappropriately relied on for that purpose.[4] Reconsideration was granted in part and denied in part by Order dated October 11, 2005. It was granted insofar as plaintiff correctly asserted that his previous case *Bea v. Gills* should not have been included in the three-strikes calculation because it was voluntarily dismissed in the district court prior to final judgment pursuant to Rule 41(a)(1)(i), Fed.R.Civ.P. While the case was initially dismissed for failure to state a claim, that dismissal was subsequently vacated and plaintiff's voluntary dismissal was granted. *See Bea v. Gills*, Action No. 1:04cv912 (E.D.Va. Sept. 7, 2004). In any event, reconsideration was otherwise denied because a review of his lengthy litigation history disclosed that yet another of his previously-filed actions had been dismissed for failure to state a claim. *See Bea v. Kendrick*, Action No. 1:04cv515 (E.D.Va. May 24, 2004). He is therefore barred by the three-strikes rule from proceeding *in forma pauperis* in this case.

1. *See Bea v. Home Box Office*, Action No. 1:98cv249 (E.D.Va. Jul. 31, 1998); *Bea v. Def Jam Records*, Action No. 1:99cv1856 (E.D. Va. Feb. 28, 2000); *Bea v. Kendrick*, Action No. 1:04cv515 (E.D.Va. May 24, 2004); *Bea v. Koerner*, Action No. 1:04cv718 (E.D. Va. Aug. 2, 2004); *Bea v. Arthur*, Action No. 1:04cv802 (E.D.Va. Aug. 23, 2004); *Bea v. Gills*, Action No. 1:04cv912 (E.D.Va. Aug. 23, 2004); *Bea v. United States*, Action No. 1:04cv1006 (E.D.Va. Sept. 20, 2004).

2. On September 19, 2005, plaintiff filed the instant action. Shortly thereafter plaintiff filed a complaint in which he alleges claims essentially identical to those asserted in the instant action. *See Bea v. Doe*, Action No. 1:05cv1237 (E.D.Va. Oct. 26, 2005). Because the new complaint appears identical to the earlier complaint (with the exception of one additional claim) the complaints will be consolidated for all purposes pursuant to Rule 42, Fed.R.Civ.P.

3. Cited in support of the denial of his request to proceed *in forma pauperis*, were the following cases: *Bea v. Koerner*, Action No. 1:04cv718 (E.D.Va. Aug. 2, 2004); *Bea v. Arthur*, Action No. 1:04cv802 (E.D.Va. Aug. 23, 2004); and *Bea v. Gills*, Action No. 1:04cv912 (E.D.Va. Aug. 23, 2004).

4. Plaintiff argued that *Bea v. Koerner* was voluntarily dismissed under Rule 42(b), F.R.A.P. and as such was mistakenly included as a prior civil action dismissed for failure to state a claim. Second, plaintiff argued that *Bea v. Arthur* should not have been included because he paid the filing fee of $255.00 on the appeal. Lastly, plaintiff successfully argued *Bea v. Gills* was improperly included because it was voluntarily dismissed.

In response to the October 11, 2005 Order again denying plaintiff's request to proceed *in forma pauperis,* plaintiff filed a Motion for a Procedural Order citing Rule 27, F.R.A.P. Because the Federal Rules of Appellate Procedure "govern procedure in the United States courts of appeals," *see* Rule 1(a)(1), F.R.A. P., and this case is not on appeal, plaintiff's motion is appropriately construed as yet another Motion for Reconsideration, pursuant to Rule 60(b), Fed.R.Civ.P., this one focusing on the October 11, 2005 Order. This time plaintiff challenges the denial of *in forma pauperis* status on the ground that it was improper to include *Bea v. Koerner* as one of the three or more prior civil actions dismissed as frivolous, malicious, or failing to state a claim upon which relief can be granted, because that matter was voluntarily dismissed on appeal under Rule 42(b), F.R.A.P. The question presented then is whether a nonsuit of an appeal from the district court's dismissal of a case on the grounds that it is frivolous, malicious, or fails to state a valid claim operates to erase the dismissal as one of the three strikes allowed a prisoner claimant under § 1915(g).

## II.

■ Section 1915(g), the three-strikes provision, limits an inmate's ability to proceed *in forma pauperis,* as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [*in forma pauperis* ] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The important and manifest purpose of the three-strikes provision is to prevent inmates from abusing their right to proceed *in forma pauperis* where it appears an inmate has developed a pattern of filing frivolous claims.

■ In his latest filing, plaintiff asserts that civil action *Bea v. Koerner* was voluntarily dismissed on appeal under Rule 42(b), F.R.A.P. and, as such, cannot be counted as a prior strike, a civil action dismissed for failure to state a claim, thereby precluding plaintiff from proceeding *in forma pauperis* in this action. To support his position, plaintiff has submitted a copy of the Fourth Circuit's Voluntary Dismissal Order and Mandate issued on September 9, 2004. He directs attention to the highlighted portion of the Mandate that reads: "A dismissal under Rule 42(b) is not a dismissal of the appeal as frivolous or malicious and would not count as one of the three such dismissals allowed under the Prison Litigation Reform Act."

Plaintiff's argument fails because it conflates the district court proceeding and the appeal; it confuses and erroneously equates the dismissal of the case *Bea v. Koerner* under 28 U.S.C.1915(b)(1) on August 2, 2004 at the district court level, with the Fourth Circuit's Voluntary Dismissal Order issued on September 9, 2004; these two court proceedings are distinct for purposes of applying § 1915(g).[5] Indeed, the

---

**5.** The distinctiveness of the district court proceeding and the appellate court proceeding is further illustrated by the fact that there are two separate filing fees. At the district court level an inmate is required to pay a $250.00 filing fee, pursuant to 28 U.S.C. § 1914(a), and if the inmate chooses to appeal the district court decision, the inmate must pay an additional $255.00, which includes a $5.00 filing fee for the notice of appeal and a

plain language of § 1915(g) reflects the distinctiveness of the proceedings for purposes of applying the three-strikes rule; the language refers to *"action or appeal* in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted ...." 28 U.S.C. § 1915(g) (emphasis added).

It follows, therefore, that the dismissal of plaintiff's action in *Bea v. Koerner* (Action No. 1:04cv718) on August 2, 2004 for failure to state a claim under § 1915(b)(1) is a strike, not a "ball" under § 1915(g); in the words of that provision, it counts as a prior "action" brought by plaintiff that was "dismissed on the grounds that it ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

Nor does it matter that plaintiff's subsequent appeal of the case was voluntarily dismissed. Because the district court and appellate proceedings are separate and distinct proceedings for § 1915(g) purposes, plaintiff's voluntary dismissal of the appeal cannot erase the district court dismissal; it remains a strike under § 1915(g). Were the rule otherwise, it would lead to the absurd result that claimants, whose claims failed at the district court level, could avoid the three-strikes rule simply by filing an appeal and then voluntarily dismissing that appeal. Such a result would undermine the purpose of § 1915(g) to limit an inmate's ability to proceed *in forma pauperis* where the record reflects the inmate's repeated filing of frivolous lawsuits. To be sure, the voluntary dismissal of the appeal does not count as a strike, as that dismissal was not, as required, based on grounds that the "ap-

peal ... is frivolous, malicious or fails to state a claim ..." 28 U.S.C. § 1915(g). Indeed, this is precisely all that is meant by the highlighted portion of the Fourth Circuit's mandate on which plaintiff relies. But while it is not appropriate to count the voluntary dismissal of the appeal as one of plaintiff's three strikes, neither is it appropriate to allow plaintiff to rely on his voluntary dismissal to erase the result of the district court dismissal and its effect as a strike. Of course, plaintiff could have achieved this result had he persevered in the appeal and won. By the same token, were plaintiff to lose the appeal on the grounds stated in § 1915(g), the appeal itself might well constitute a separate strike.

In sum, plaintiff has previously filed three actions that were dismissed as frivolous for failure to state a claim, and hence, pursuant to § 1915(g), plaintiff is barred from proceeding *in forma pauperis* in the instant action.[6] Because plaintiff has not alleged that he is in a situation placing him in "imminent danger of serious physical injury" as required by § 1915(g) and because he has alleged no facts to trigger any factors of Rule 60(b)(1)-(5), nor offered "any other reason justifying relief" under Rule 60(b)(6) from the October 11, 2005 Order, plaintiff's Motion for Reconsideration of that Order must be denied. An appropriate order will issue.

---

$250.00 fee for docketing the appeal in the Fourth Circuit Court of Appeals. *See* Rule 3(e), F.R.A. P.; *see also* 4th Cir. R. 3(a).

**6.** Because the instant action *Bea v. Doe,* Action No. 1:05cv1096 and *Bea v. Doe,* Action

No. 1:05cv1237 are consolidated into one action, plaintiff will only be required to pay one filing fee of $250.00 pursuant to 28 U.S.C. § 1914(a).